FILED

JAN 0 3 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

**E. DRAKE**
*Plaintiff*

Case Number: ___C19-0048___

v.

**SAFEWAY INC., CERBERUS CAPITAL MANAGEMENT,**
**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,**
**A & L FOODS, ALLE PROCESSING CORPORATION,**
**AND MASPETH KOSHER FOOD, LLC**

*Defendants*

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, E.V. Drake, hereinafter referred to as "Plaintiff" or "Drake" and brings this action against the above Defendants as alleged herein.

### PARTIES

1.    On information and belief, Defendant Sedgwick Claims Management Services, Inc (herein referred to as "Sedgwick") manages claims for Defendant Safeway. Sedgwick is a corporation that can be served with summons and complaint through: C. T. Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

2.    Safeway Inc., is a foreign corporation that is headquartered in the state of California who can be served with summons and complaint through: C. T. Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3.    Cerberus Capital Management is a foreign corporation that owns Safeway and Albertsons foods who can be served with summons and complaint through: William Wayne Herndon III, 63 Bridgeberry Place, Spring, Texas 77381.

1

4.     A & L Foods is a foreign corporation authorized to do business in the State of California through Defendant Safeway and other like stores, which owns, controls and/or maintains thousands of grocery stores and through distributors a wide variety of products and services to the public throughout the State of California that can be served with summons and complaint on the president/owner of A&L Foods: Andrew Lansman, 4200 Amos Avenue, Baltimore, MD 21215.

5.     Maspeth Kosher Food, LLC and Alle Processing Corporation are foreign corporations authorized to do business in California through Defendant Safeway and other like stores, which owns, controls and/or maintains thousands of grocery stores and through distributors a wide variety of products and services to the public throughout the State of Tennessee that can be served with summons and complaint on the Chief Executive Offer: Edwin Weinstock, 5620 59th Street, Maspeth, New York 11378.

6.     Plaintiff is an individual who is a citizen of the United States.

## JURISDICTION & VENUE

7.     Plaintiff invokes this Court's jurisdiction of this action also under, 15 USC §2301, 28 U.S.C. § 1331, §1332, §1343. And supplemental jurisdiction under 28 U.S.C. § 1367, over state law violations. When federal jurisdiction is founded upon diversity of citizenship under 28 U.S.C.S. § 1332, the district court is bound to apply state substantive law to plaintiff's claims. Plaintiff pleads supplemental jurisdiction under 28 U.S.C. § 1367, over state law claims. Uniform Commercial Code §2-314, 2-315.

8.     This Court has jurisdiction pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75, 000.00, exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states, creating diversity of jurisdiction.

9.     Plaintiff invokes the Court's jurisdiction of this action under USC § 1331, 1332. Plaintiff claims federal jurisdiction pursuant to Article III § 2, which extends the jurisdiction to cases arising under the U.S. Constitution.

10.     Jurisdiction is also allowed in the above cause of action pursuant to 28 USC §1981 and §1983 claims that the Plaintiff is making against Defendants. Sedgwick shall also be referenced as "Defendant." This litigation also asks a federal question and is a diversity action.

## FACTUAL ALLEGATIONS

11.     The majority of reasonable minded people would never expect to find small bones in their ground beef. However, the Plaintiff consumed ground beef that the Defendants had control over and discovered a small bone the ground beef dated January 7, 2018 and another small bone in the ground beef dated February 1, 2018. This lawsuit involves injury to the Plaintiff by ingesting/chewing a ground beef product.

12.     Plaintiff purchased ground beef from the Tom Thumb store located at 11920 Preston Rd Dallas, TX 75230 on January 7, 2018 and again on February 1, 2018. After preparing the meat product for consumption, the Plaintiff fractured a tooth while chewing the ground beef product referred to herein. Plaintiff discovered a small bone in the ground beef product, which caused him pain, and injury.

13.     Shortly thereafter the Plaintiff's injury, he reported the fracture of his tooth to the store director at Tom Thumb. Gregory Becker assured the Plaintiff that they would compensate him for his damages. On February 8, 2018, a representative of Sedgwick by the name of Alyssa Walden contacted Plaintiff. Over a period of months, it became evident that Ms. Walden was not effectively working to resolve Drake's claim.

14.     Plaintiff provided affidavits of medical records and medical cost to Ms. Walden on the first week of April, but she continued to delay any offer to resolve the Plaintiffs claim. In speaking with Walden, she alleged in May of 2018 that she was checking with several other companies that provide meat products to the Tom Thumb stores. Although Walden alleged that she was actively working to resolve Drake's claim, months after serving her with "Affidavit of Medical Records and Affidavits of Medical Cost" she nevertheless had not followed up with those healthcare providers to verify the

3

medical records that the Plaintiff had provided her. This indicated to the Plaintiff that there wasn't an effort to resolve his claim with the Defendants.

15.     Many of the Tom Thumb stores uses pre-packed ground beef products, including the Tom Thumb store location that is referenced herein, but the Plaintiff was advised by Andy Flores, manager of the Kosher Meat Department that the Tom Thumb in question does not use pre-packaged ground beef for their 80/20 ground beef product.

16.     In speaking further with Andy Flores and Ms. Walden of Sedgwick, A&L Foods (hereon referred to as A&L), Maspeth Kosher Foods (hereon referred to as MKF), Alle Processing Corporation (hereon referred to as APC) it was implied that these companies provide ground beef to the Tom Thumb store Kosher meat department.

17.     Further, Ms. Walden's supervisor, Mr. Arsenis Haralambos, and Andy Flores both claim that Defendants A&L, MKF, and APC sends Kosher ground beef product to the Tom Thumb in question to process. Hereon, the Kosher meat department at the Dallas Tom Thumb store will be referred as "KMD."

18.     Additionally, Mr. Haralambos claimed that the bone that fractured the Plaintiffs tooth was too large and would have been grounded up in the grinder. However, Mr. Flores, who is the manager of the meat department at the Tom Thumb in question, advised Plaintiff that Mr. Haralambos statement is not correct. *See* Declaration **Exhibit 1**.

19.     Without question, Sedgwick have no intentions of compensating the Plaintiff for the damages caused by KMD negligence. However, the Plaintiff, prior to filing this lawsuit, he emailed the upper management of Sedgwick, including their CEO David North, Vice Chair Jane Tutoki, and Group President Michael Arbour of the

4

problems that he was having with the manner in which his claim was being handled, but none of these executives, nor any of their representative of Sedgwick responded to the Plaintiff emails. Plaintiff also asserts that Defendants are vicariously negligent.

20.     Sedgwick and Cerberus Capital Management are actively doing business in the state of California. A&L Foods, Alle Processing Corporation, and Maspeth Kosher Food, LLC are actively doing business with California through its grocery store chains and other businesses such as Safeway groceries. The Defendants have availed themselves to the state of California by their continual business contacts with the state of California.

5

## FIRST CAUSE OF ACTION

**COUNT 1.**     **STRICT PRODUCTS LIABILITY AGAINST DEFENDANTS SAFEWAY INC, CERBERUS CAPITAL MANAGEMENT, A & L FOODS, AND ALLE PROCESSING CORPORATION, AND MASPETH KOSHER FOOD, LLC**

21.     Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

22.     At all times material to this action, the Defendants Safeway Inc., Cerberus Capital Management (hereon referred to as "CCM" or Cerberus Capital Management), A&L Foods (hereon referred to as "A&L"), Alle Processing Corporation (hereon referred to as "APC"), and Maspeth Kosher Food LLC (hereon referred to as MKF) are food processors, wholesalers of food products, distributors of food products, and retailers of food product are responsible for the injuries that the Plaintiff sustained as pled herein.

23.     The Plaintiff was injured when he consumed meat product that was purchased from KMD. Plaintiff found a small piece of bone in the cooked ground meat after biting down on the meat product. He removed the bone from the meat and took a picture of it, (*See* **Exhibits 2 and 6**) and reported the incident to the Tom Thumb store referenced herein. The bone fractured one of Plaintiffs lower teeth. Plaintiff sought medical attention and had to have a crown fitted on that tooth.

24.     Defendant Safeway through its local Texas store (KMD) were aware that small bones were found in the meat product, and in the grinder. Yet, there were no warning labels suggesting to consumers that small bones might be in the ground meat product. Mr. Esparza explained to the Plaintiff in the month of May 2018 that several he had to reprocess ground beef after he either found bone or heard bone in the grinder.

6

25.    A wholesaler, retailer, or distributor can be held liable in negligence for the sale of a defective product or for failure to warn if it fails to detect a dangerous condition that it could have discovered during the course of a normal inspection while the product was in its possession.[1] The Defendants failure to detect the bone in the ground meat that the Plaintiff consumed caused injury, thus Defendants Safeway Inc., CCM, A&L, APC, and MKF were negligence. Legal consequences should attach to the consumption of a meat product when consumers are unaware of the dangers of eating such food product.

26.    This case warrants the strict liability doctrine because of Defendants Safeway Inc., CCM, A&L, APC, and MKF defects for failure to provide suitable instructions or warnings on the label of the food product.    In the case at bar, liability for

*Rivera v. Superior Pkg., Inc.*, 132 P.R. Dec. 115, 127, 1992 Juris P.R. 165.

failure to warn should be imposed because unquestionably Defendants had knowledge or should have had knowledge that bone was found in its ground meat product previous to the Plaintiffs injury.

27.    The food product in this case is also merchantable, which means "what an ordinary consumer might expect to be in the food they are consuming." 13 Drake J. Agric. L. at 337. Consumers do not expect to find bone in their ground meat product, but

---

[1][A] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being' and that 'liability is not one governed by the law of contract warranties but by the law of strict liability in tort.'" Rivera, Offic. Trans. Slip Op. at 6 (quoting Greenman, 377 P.2d at 900-01). "The purpose of such liability is to insure that the costs of injuries resulting from defective products are borne by the manufacturers that put such products on the market rather than by the injured persons who are powerless to protect themselves." Greenman, 377 P.2d at 901; see also Mendoza, 97 D.R.R. at 499.

would expect to find bone in a fish product such as snapper, trout, or catfish. The danger of a consumer fracturing a tooth would in itself sway Defendants Safeway Inc., CCM, A&L, APC, and MKF from placing warning labels "*that bone might be in the food product*" because Plaintiff probably would not purchase the food, creating lost of profits.

28.     Photographs annexed to this petition establish the existence of the meat product defect. One of Plaintiffs expert witnesses, which is his dentist, will establish that the tooth was fractured and that biting down on a bone being unaware of the bone in the food product would indeed fracture a tooth. *See* **Exhibit 3**, Affidavit of Medical Record.

29.     There is an implied warranty that Defendants Safeway Inc., CCM, A&L, APC, and MKF provides to the Plaintiff and other consumers who consume their food products. The doctrine of implied warranty is a derivative of strict liability.[2] The principle of implied warranty as widely described "[i]n most of the states of the Union, is [that] the person who serves or sells a food product for human consumption tacitly warrants that the product is healthy and appropriate for consumption by man." 75 D.P.R. at 73-74.

30.     At all times material to this action, Defendants Safeway Inc., CCM, A&L, APC, and MKF failed to place warnings on their food product to alert consumers of possible dangers to inspect the ground meat for small bones prior to consuming product.

---

[2][T]he justification for the strict liability has been said to be that the seller, by marketing his product for use or consumption, has undertaken and assumed a special responsibility toward any member of the consuming public who may be injured by it; that the public has the right to and does expect, in the case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods; that public policy demands that the burden of accidental injuries caused by products intended for consumption be placed on those who market them, and be treated as a cost of production against which liability insurance can be obtained; and that the consumer of such products is entitled to the maximum protection at the hands of someone, and that the proper persons to afford it are those who market the product. Mendoza, 97 D.P.R. at 499 (quoting Section 402A of the Restatement of Torts (Second), Restatement of Torts (Second) (Am. Law Inst. 1965) at 349-50).

8

31.    It wasn't the fact that Defendants Safeway Inc., CCM, A&L, APC, and MKF wasn't aware of small bones were likely present in the ground meat food product, but these Defendants didn't care if there were bones in the food product. Defendants Safeway Inc., CCM, A&L, APC, and MKF knew that small bones in the meat product could cause injury to the Plaintiff and consumers and the general public, but took no steps to protect the Plaintiff or the public.

32.    Defendants Safeway Inc., CCM, A&L, APC, and MKF knew or should have known that the ultimate users or consumers of the ground meat food product would not, and could not have known that the ground meat product had small bones in it which could cause injury to the Plaintiff. The size of the bone that fractured Plaintiff tooth could be fatal to infants. *See* **Exhibit 6**. But that wasn't a concern to Defendants Safeway Inc., CCM, A&L, APC, and MKF. Defendants Safeway Inc., CCM, A&L, APC, and MKF knew of the potential harm small bones in their meat product could cause to the Plaintiff, but failed to take adequate measures to prevent injury to the Plaintiff.

33.    More specifically, Defendants Safeway Inc., CCM, A&L, APC, and MKF were negligent and breached its duty of care in the following non-excluding ways:

a).    Failing to properly inspect the ground meat that the Plaintiff purchased on January 7, 2018 and February 1, 2018 before allowing Plaintiff to purchase the meat product;

b).    Failing to alert the Plaintiff and other consumers that the ground meat might have bones in the product by placing warnings on the label of the meat product so that the Plaintiff and other consumers could inspect the meat product themselves prior to cooking and consuming it. *See* **Exhibits 4 and 5**;

c).    Failing to place warning signs in or around meat department in the stores alerting consumers that small bone could be in the meat product. *See* **Exhibit 4 and 5**;

9

d).    Failing to protect the Plaintiff and public in general from injury;

34.    Defendants Safeway Inc., CCM, A&L, APC, and MKF breach of duty proximately caused injury to the Plaintiff, Drake, which resulted in the following damages:

a).    Actual and future pain and suffering;

b).    Actual and future mental anguish;

c).    Physical impairment;

d).    Medical expenses, past and future.

e).    And other damages as pled herein.

35.    As a result of the negligent acts and omissions of Defendants Safeway Inc., CCM, A&L, APC, and MKF Plaintiff, Drake has suffered the following damages:

(a)    Medical expenses in the past;

(b)    Medical expenses that, in reasonable probability, will be incurred in the future;

(c)    Physical pain and suffering sustained in the past;

(d)    Physical pain and suffering that, in reasonable probability, will be sustained in the future;

(e)    Mental anguish sustained in the past;

(f)    Mental anguish that, in reasonable probability, will be sustained in the future;

(g)    Physical impairment sustained in the past;

(h)    Physical impairment that, in reasonable probability, will be sustained in the future;

36.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court. Plaintiff also seeks damages for past and future physical pain. Plaintiff seeks damages for past and future mental anguish.

37.    Plaintiff seeks damages in an amount that exceeds $75,000.00 from the above defendants

38.    Plaintiff pleads Exemplary damages. Plaintiff injury resulted from Defendants Safeway Inc., CCM, A&L, APC, and MKF gross negligence, which entitle Plaintiff to exemplary damages.

39.    As a direct and proximate result of the injury caused to the Plaintiff, he was seriously injured. Plaintiff requests the following:

a).    A declaration that Defendants Safeway Inc., CCM, A&L, APC, and MKF caused the injury made the basis of this lawsuit and that Plaintiff is legally entitled to receive damages from Defendants Safeway Inc., CCM, A&L, APC, and MKF;

b).    A declaration of the amount of damages sustained by Plaintiff in the subject injury to include the following:

i)    Reasonable and necessary medical expenses in the past;

ii)    Reasonable and necessary medical expenses that will, in reasonable probability, be incurred in the future;

iii)    Physical pain and suffering sustained in the past;

iv)    Physical pain and suffering that will, in reasonable probability, be sustained in the future;

v)    Mental anguish sustained in the past;

11

vi)     Mental anguish that will, in reasonable probability, be sustained in the future;

vii)    Physical impairment sustained in the past;

viii)   Physical impairment that will, in reasonable probability, be sustained in the future;

ix)     Pre-judgment interest at the highest rate allowed by law; and

x)      Post-judgment interest at the highest rate allowed by law.

xi)     An award of attorney's fees, taxable court costs and expenses of litigation to Plaintiff for the prosecution of this matter.

40.     Upon Plaintiff Eric Drake purchasing the ground meat product from the Tom Thumb store referred to herein (KMD), he had *no foreseeable notice* that the ground meat food product would be a danger to him, but the dangers were reasonably foreseeable to Defendants Safeway Inc., CCM, A&L, APC, and MKF and in a manner that was reasonably foreseeable by Defendants Safeway Inc., CCM, A&L, APC, and MKF.

41.     Plaintiff Drake was a foreseeable user of the ground meat product that he purchased on January 7, 2018, and February 1, 2018, but he wasn't warned that their might be small bones present in the meat product.

42.     As alleged herein, as a direct and proximate result of Defendants Safeway Inc., CCM, A&L, APC, and MKF acts and omissions, and the unreasonably dangerous and defective characteristics of small bones in the ground meat product that were known to Defendants Safeway Inc., CCM, A&L, APC, and MKF, Plaintiff Drake suffered severe physical injuries, and mental anguish. Plaintiff has also incurred medical expenses,

medical care, and treatment. The Plaintiff seeks actual and punitive damages from Defendants Safeway Inc., CCM, A&L, APC, and MKF.

43.    Plaintiff Drake losses were the legal and proximate result of the defects associated with bone in ground meat product which was manufactured, distributed, or sold by Defendants Safeway Inc., CCM, A&L, APC, and MKF, including but not limited to Defendants Safeway Inc., CCM, A&L, APC, and MKF failure to provide adequate instructions for use and warnings of the risks of substantial harm associated with the foreseeable use of said products. Plaintiff has suffered physical and emotional damages.

44.    WHEREFORE, Plaintiff, Drake seeks a judgment against Defendants Sedgwick, Safeway Inc., CCM, A&L, APC, and MKF together with interest for damages, costs and for such other and further relief as this Court deems proper.

## SECOND CAUSE OF ACTION

**COUNT 2.**   **BREACH OF IMPLIED WARRANTY OF MERCHANTABLITY AND DUTIES AGAINST DEFENDANTS SAFEWAY INC, CERBERUS CAPITAL MANAGEMENT, A & L FOODS, AND ALLE PROCESSING CORPORATION, AND MASPETH KOSHER FOOD, LLC**

45.   Plaintiff incorporate by reference all other paragraphs in this Complaint as it fully set forth herein and further alleges as follows.

46.   Defendants Safeway Inc., CCM, A&L, APC, and MKF was negligent because the ground beef product was known to have small bones in it to the defendants, but not to the Plaintiff and other consumers. If the ground beef product came from the wholesaler, manufacture, or distributor then A&L, APC would equally be responsible for the Plaintiffs injuries.

47.   Even though there were no prior warnings of danger of small bones in the ground beef product sold, distributed, wholesaled, or produced by Defendants Safeway Inc., CCM, A&L, APC, and MKF, pursuant to federal law, there is an implied warranty to all of its customers, including the Plaintiff, who consume their food products. The doctrine of implied warranty is a derivative of strict liability. As seen in the package labeling, there were no warnings to consumers that there were small bones in the ground beef food product. *See* **Exhibit 4 and 5**.

48.   The implied warranty of merchantability requires that the product and its container meet certain minimum standards of quality, chiefly that the product be fit for the ordinary purposes for which such goods are sold (U.C.C. § 2-314). This requirement includes a standard of reasonable safety.

14

49.     At the time that Defendants Safeway Inc., CCM, A&L, APC, and MKF manufactured, marketed, distributed, supplied, retailed, and/or sold the ground meat product to the Plaintiff and other consumers, they knew of that there were a probability that the ground beef could have small bones in the meat product. Defendants Safeway Inc., CCM, A&L, APC, and MKF intended and impliedly warrant its food product to be free from defects, or foreign debris or elements that would cause harm to the user/consumer to consume and safe and fit for use as a food product. Defendants Safeway Inc., CCM, A&L, APC, and MKF at all times relevant had reason to believe that the ground beef product in question would contain possibly small pieces of bone in the meat product. The ground beef wasn't fit for the purpose of being consumed by the general public and therefore a violation of (U.C.C. § 2-315).

50.     The meat product not having the proper label wasn't an oversight, but an intentional act committed by Defendants Safeway Inc., CCM, A&L, APC, and MKF to lure consumers in to buy its products—knowing that the product had the potential to cause harm to the Plaintiff and others who consumed it.

51.     Plaintiff Drake was an intended user of the ground beef product from Defendants Safeway Inc., CCM, A&L, APC, MKF, and KMD. And it was common knowledge that small pieces of bone could be in the ground meat product by these defendants, which could and did cause personal injuries to the Plaintiff.

52.     Plaintiff Drake purchased the ground beef that contained bone in it with the intended purpose of consuming the meat product.

53.     Due to Defendants Safeway Inc., CCM, A&L, APC, and MKF wrongful conduct as alleged herein, Plaintiff Drake could not have known about the nature of the

15

risks and possible bone in the ground beef product until he consumed the product and through chewing the beef product which resulted in a fractured tooth.

54.    Contrary to any arguments that the bone in the ground beef product wasn't known to Defendants Safeway Inc., CCM, A&L, APC, and MKF; Jimmy Esparza, a butcher at the KMD expressed to the Plaintiff that he has grinded ground beef and has found bone in the product many times. Mr. Esparza said that he has had to regrind the beef product. But Mr. Esparza said that there are no guarantees that the second batch of beef product would be totally free from any bone. Of course, if consumers were aware of this problem, they would not buy the ground beef product. Mr. Esparza said that the ground beef product is made from the trimmings of beef product. Defendants Safeway Inc., CCM, A&L, APC, and MKF knew that the ground beef product had the potential to cause him to Plaintiff. Because Defendants Safeway Inc., CCM, A&L, APC, and MKF failed to place any warnings on its product label packaging warning Plaintiff that bones could be in the beef, the product wasn't safe or fit for their intended use and purpose, thus, the Defendants were negligent and gross negligent.

55.    As alleged herein, as a direct and proximate result of Defendants Safeway Inc., CCM, A&L, APC, and MKF breached their warranties and duties. Defendants Safeway Inc., CCM, A&L, APC, and MKF acts and omissions, and the unreasonably dangerous and defective characteristics of the ground beef product caused the Plaintiff to be harmed, suffer continually severe physical injuries, and emotional distress.

56.    Plaintiff Eric Drake has incurred medical expenses and care and treatment. The Plaintiff seeks actual and punitive damages from Defendants Safeway Inc., CCM, A&L, APC, and MKF as alleged herein.

## THIRD CAUSE OF ACTION

### COUNT 3.    NEGLIGENCE

57.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

58.    Defendants Safeway Inc., CCM, A&L, APC, and MKF owed a duty to the Plaintiff to use reasonable diligence in protecting him and the general public from injury.

59.    Plaintiff's injuries and damages were proximately caused by the negligent conduct of Defendants Safeway Inc., CCM, A&L, APC, and MKF. Defendants Safeway Inc., CCM, A&L, APC, and MKF negligent acts and/or omissions are generally described above and include, but are not limited to, failing to properly inspect the ground beef product before placing said meat product out for the Plaintiff to purchase and consume, and failing to place warning signs on the food product to inspect closely for bones in the food product before consuming, that the meat product could have small bones in it.

60.    Defendants Safeway Inc., CCM, A&L, APC, and MKF, its employees, employees, agents, and representatives named herein were negligent of one or more of the following negligent acts and/or omissions:

> a).    Defendants Safeway Inc., CCM, A&L, APC, and MKF failing to alert the Plaintiff and other consumers that the ground beef product that they sold to the Plaintiff and other consumers might have small bones in the meat product;

17

b).     Defendants Safeway, Cerberus Capital Management failing to be truthful and honest with the Plaintiff that Defendant Safeway, Cerberus Capital Management would pay for all damages relating to his injury relating to small bones in the ground beef product that caused a fracture to the Plaintiffs tooth;

f).     Defendants Safeway Inc., CCM, A&L, APC, and MKF should have had warning signs of potential danger of small bones in the ground beef on the meat product label, as well as signs in the meat department of KMD in the Tom Thumb that was clearly visible before releasing the product to the Plaintiff and general public to consume.

61.     Sedgwick was also negligent in the manner in which they investigated the Plaintiff's claim. Plaintiff was told by Jimmy Esparza at KMD that they grind their own meat from trimmings of cuts of only beef for their 80/20 ground meat product, however Defendants A&L, APC, and MKF does supply meat product (trimmings) to KMD. Subsequently, Sedgwick failed to establish the proper facts of the Plaintiffs claim and was negligent in doing so. However, the above Defendants conduct goes beyond negligence to an act of "malice."

62.     Plaintiff is entitled to compensation for Defendants negligent conduct as described herein. Defendants Safeway Inc., CCM, A&L, APC, and MKF knowingly caused Plaintiff to be injured by failing to employ necessary food safety standards and warnings. Plaintiff pleads special and exemplary damages against Defendants Safeway Inc., CCM, A&L, APC, and MKF for knowingly with intent causing the injuries that the Plaintiff sustained on or about January 7, 2018 to February 1, 2018.

63.     Each of these acts and omissions by the Defendants, singularly or in combination with others, constituted negligence, which proximately caused Plaintiff's extensive injuries and damages.

## FOURTH CAUSE OF ACTION

**COUNT 4.   RESPONDEAT SUPERIOR AGAINST DEFENDANTS**

64.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

65.    When viewed objectively, Defendants' conduct, acts and/or omissions described above involved a degree of risk, considering the probability and magnitude of potential harm to others. Defendants Safeway Inc., CCM, A&L, APC, and MKF had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safety, or welfare of the Plaintiff and other consumers. This risk was amplified when the Defendant knew there were potential small bones in the ground beef product that they were marketing to the Plaintiff but failed to alert the Plaintiff of potential harm.

66.    Defendants Safeway Inc., CCM, A&L, APC, and MKF conduct rises to the level of gross negligence. Accordingly, Plaintiff is entitled to a finding that Defendants were grossly negligent concerning the Incident and his Injuries.

67.    Plaintiff would further show that Jimmy Esparza, the person who actually grind all of the meat product for KMD, and his manager Andy Flores knew that small bones were potentially in the ground beef product, as well as Defendants Safeway Inc., CCM, A&L, APC, and MKF knew of the potential of having small bones in the ground beef product. The employees of the Defendants were acting within the course and scope of their employment and in the furtherance of the business interest and pursuits of said Defendants. In this regard, Plaintiff alleges and contends that each negligent act and/or

19

omission on the part of Jimmy Esparza, Andy Flores, Tom Thumb store in question, as well as other employees of Safeway and Cerberus Capital Management and is imputed to Safeway and Cerberus Capital Management and Defendants Safeway Inc., CCM, A&L, APC, and MKF is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employees.

## FIFTH CAUSE OF ACTION

**COUNT 5.    GROSS NEGLIGENCE**

68.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

69.    Defendants Safeway Inc., CCM, A&L, APC, and MKF and its employees were grossly negligent because they knew or should have known that they failed to take adequate precautions to reasonably protect the Plaintiff and the general public from potentially dangerous small bones in their ground beef product that would cause injury.

70.    Defendants Safeway Inc., CCM, A&L, APC, and MKF employees, were aware of the risk of harm from not taking proper precautions of making sure small bones were not in the ground beef product that they made available to the Plaintiff for sale and consumption. Although aware of the risk of harm, Defendants Safeway Inc., CCM, A&L, APC, and MKF acted with conscious indifference to that risk and with malice toward the Plaintiff by failing to thoroughly and properly inspect their ground beef product prior to placing it on the market for sale to the Plaintiff. Defendants Safeway Inc., CCM, A&L, APC, and MKF put profits before the safety and care of the Plaintiff and the general public who purchased the infected meat with small bones in the ground beef product.

20

71.     Moreover, the principle of *res ipsa loquitur* applies in this case. Plaintiff is entitled to the doctrine of *res ipsa loquitur* "if the evidence affords a rational basis upon which the jury can conclude that the elements of the doctrine required under state substantive law are present." *Id.* And in this case, California law supports *res ipsa loquitur.* The Plaintiff was injured as a result of Defendants Safeway Inc., CCM, A&L, APC, and MKF negligence, by ignoring the fact that potentially dangerous debris (small bones) were known to be in the ground beef product, but Defendants failed to take adequate measures to insure the safety of Plaintiff who was a user of the product.

72.     Defendants Safeway Inc., CCM, A&L, APC, and MKF conduct was willful and wanton, without regards for the rights and safety of the Plaintiff, Drake and of the general public in the following ways:

1).     Failure to take adequate precautions to reasonably to protect the Plaintiff and the general public;

2).     Failure to provide reasonably safety notice to the Plaintiff that their ground beef product could be harmful and contain small bones. However, Defendants Safeway Inc., CCM, A&L, APC, and MKF did not employ or post such warnings on its meat product because it would thwart sales.

3).     Failure to properly train, supervise and/or instruct employees on proper safety measures and procedures when grinding its own meat product;

5).     Failure to maintain proper safety measures for the general public by employing closer inspection of its meat product prior to placing the meat product for sale;

6).     Failure to act as a reasonably prudent employer in the meat product business would have done under the same or similar circumstances;

4).     Failure to provide, and maintain an adequate safety program with instruction material for the employees of Defendants Safeway Inc., CCM, A&L, APC, and MKF.

73.     As a direct and proximate cause of their actions, Defendants Safeway Inc., CCM, A&L, APC, and MKF are liable to the Plaintiff for punitive damages. The Plaintiff

seeks punitive damages. Plaintiff seeks such damages against Defendants Safeway Inc., CCM, A&L, APC, and MKF and Sedgwick in the sum of $500,000.00.

## SIXTH CAUSE OF ACTION

### COUNT 6.    FAILURE TO WARN

74.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

75.    Defendants Safeway Inc., CCM, A&L, APC, and MKF had a duty to the Plaintiff and to the general public who use their meat product to warn of possible danger of small bones in their meat products. An infant or small child ingesting the meat product with the same size bone that fractured Plaintiffs tooth could choke, resulting in a fatality.

76.    Defendants Safeway Inc., CCM, A&L, APC, and MKF is liable to the Plaintiff, because Defendants Safeway Inc., CCM, A&L, APC, and MKF and its employees: 1). "fail[ed] to exercise reasonable care" and "increase[d] the risk of . . . harm" to the Plaintiff by failing to place warning labels on the meat product and signs in the retail stores of 'Possible Small Bones in the Ground Beef Meat Product' or any other notification to the Plaintiff or to the general public of possible danger of injury; 2). "the harm is suffered because of reliance of the Plaintiff that Defendants Safeway Inc., CCM, A&L, APC, and MKF would take reasonable steps to protect him from injury. The Tom Thumb stores in Texas are viewed as premium food stores with a reputation of being the best and most reliable. The Plaintiff trusted the Tom Thumb store, and the store director

22

Gregory Becker, who expressed to the Plaintiff that the store would take care of his damages. He apologized and referred the Plaintiffs claim to Sedgwick.

77.     The a risk of harm was undoubtedly inherent to Defendants Safeway Inc., CCM, A&L, APC, and MKF because of its years of experience in the meat and food industry. Unquestionably, Defendants Safeway Inc., CCM, A&L, APC, and MKF employees knew that the Plaintiff and the general public could be at risk of injury from small bones in their ground beef product, but refused to acknowledge such a risk because of apparent lost of sales. Insuring the Plaintiff that the ground beef product was free of debris or food elements that could be harmful to him wasn't a priority. Defendants Safeway Inc., CCM, A&L, APC, and MKF put profits ahead of safety for the Plaintiff.

78.     Defendants Safeway Inc., CCM, A&L, APC, and MKF through its employees failure to place any warning signs on its ground beef products that it could contain small bones was obvious negligence were the causative nexus that caused Plaintiffs injury. Since Defendants Safeway Inc., CCM, A&L, APC, and MKF provided no warning labels on it products of possible small bones, or warnings to use caution when preparing, and ingesting their ground beef products because of possible bones in the meat product—therefore, Defendants Safeway Inc., CCM, A&L, APC, and MKF are liable for Plaintiffs damages.

79.     Defendants Safeway Inc., CCM, A&L, APC, and MKF caused injury to the Plaintiff by failing to take adequate measures and provisions of safety when it knew that there was a probability that small bones might be in their meat product. There were no signs on the meat products warning the Plaintiff of small bones in the ground beef product, as the Court will see on the labels shown in the annexed **Exhibits 4 and 5.**

23

80.     Defendants Safeway Inc., CCM, A&L, APC, and MKF through its employees knew that their meat products might contain small bones, which could result in serious injuries.

81.     Defendants Safeway Inc., CCM, A&L, APC, and MKF is guilty of inadequately warning the Plaintiff as well as others consumers who may use their meat product of potential dangers.

82.     Defendants Safeway Inc., CCM, A&L, APC, and MKF failed to employ reasonable safety protections to the Plaintiff, by failing to take practical safety provisions of notifying the Plaintiff . The inadequate warnings and lack of warnings of their product food labels, especially on their ground beef product and lack of signs in the grocery stores to alert the Plaintiff of such danger of being injured was a substantial factor in bringing about the injuries that the Plaintiff sustained.

83.     Defendants Safeway Inc., CCM, A&L, APC, and MKF was negligent, careless, and is guilty of other wrongdoings and actions described herein, which caused Plaintiff to suffer injuries and damages as described herein with particularity, as described throughout this compliant.

84.     As a direct and proximate cause of the Defendants Safeway Inc., CCM, A&L, APC, and MKF negligence in failing to warn, the Plaintiff suffered extreme pain, and anguish, requiring immediate medical attention and a crown to secure the fracture tooth from being pulled and even more damage to the Plaintiffs mouth.

## SEVENTH CAUSE OF ACTION

**COUNT 7.    EXEMPLARY DAMAGES AND VICARIOUS LIABILITY**

85.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

86.    Plaintiffs injuries resulted from Defendants Safeway Inc., CCM, A&L, APC, MKF employees gross negligence, which entitles Plaintiff to exemplary damages.

87.    Defendants Safeway Inc., CCM, A&L, APC, and MKF committed actual malice, and negligence, which entitles Plaintiff to exemplary damages under California State Codes section § 29-39-104.

88.    Plaintiffs injuries resulted from Defendants Safeway Inc., CCM, A&L, APC, and MKF employees gross negligence, malice and the Plaintiff is entitled to exemplary damages as authorized by California State Codes § 29-39-104 9(g) C(2).

## EIGHTH CAUSE OF ACTION

**COUNT 8.    VICARIOUS LIABILITY
PRINCIPAL-AGENT LIABILITY-ACTUAL AUTHORITY**

89.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

90.    Jimmy Esparza, Andy Flores, and employees of Defendants Safeway Inc., CCM, A&L, APC, and MKF have actual authority to act on behalf of the Defendants Safeway Inc., CCM, A&L, APC, and MKF. Mr. Esparza and Mr. Flores and other em-

ployees of Defendants Safeway Inc., CCM, A&L, APC, and MKF failed to undertake adequate safety measures of inspecting the ground beef product prior to placing the meat product for sale to the Plaintiff and general public. Mr. Esparza and Flores and other employees of Defendants Safeway Inc., CCM, A&L, APC, and MKF failed to label the ground beef product label packaging with warnings that the meat product might contain small bones in it. Thus, Defendants Safeway Inc., CCM, A&L, APC, and MKF violated California State Codes section § 29-39-104.

## NINTH CAUSE OF ACTION

### COUNT 9.     VICARIOUS LIABILITY PRINCIPAL-AGENT LIABILITY-RESPONDENT SUPERIOR

91.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

92.     As an employer Defendants Safeway Inc., CCM, A&L, APC, and MKF is vicariously liable for the torts of an employee acting within the scope of employment even though the employer did not personally commit the tort. *Goodyear Tire & Rubber Co., v. Mayes.* Jimmy Esparza and Andy Flores employees of Defendants Safeway and Cerberus Capital Management and other employees of Defendants Safeway Inc., CCM, A&L, APC, and MKF violated California State Codes section § 29-39-104. The actual harm to the Plaintiff occurred while Jimmy Esparza, Andy Flores, and other employees of Defendants Safeway Inc., CCM, A&L, APC, and MKF were acting within the scope of their employment as set forth herein.

26

## TENTH CAUSE OF ACTION
## EQUAL PROTECTION — 42 USC § 1983

**COUNT 10.   EQUAL PROTECTION**

93.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

94.     The acts committed by Defendants Safeway Inc., and Cerberus Capital Management and its employees as well as Defendant Sedgwick, and its employees and agents, deprived the Plaintiff, Drake, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the U.S. of the Fourteenth Amendment to the U.S. Constitution.

95.     Defendants complained in count number ten denied Plaintiff an equal opportunity to have his claim for personal injuries considered and settled, and sought to delay the Plaintiff to frustrate him. This characterization negated any hope for the Plaintiff to receive a fair and just settlement from Defendants Sedgwick or Safeway, Cerberus Capital Management who hired Sedgwick to investigate their claims.

96.     Defendant Sedgwick failed even to attempt to evaluate the Plaintiffs claim for personal injuries in any meaningful manner, and through its alleged investigation, Sedgwick never confirmed the affidavits of medical records and medical cost that the Plaintiff provided them. It would be impossible for any investigative claims company to settle a claim based upon documents that it had not verified, therefore, it was apparent to the Plaintiff that Defendant Sedgwick had no intentions of settling his claim. Plaintiff believes that Sedgwick's conduct is based strictly on his race, African American.

27

97.     Plaintiff's right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution were violated by the conduct of all of the above Defendants and its employees as pled herein.

98.     Plaintiff has a cause of action for violation of his constitutional right to equal protection, under the Civil Rights Act, 42 U.S.C. § 1983.

## ELEVENTH CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER — 42 USC § 1981

### COUNT 11.    DEPRIVATION OF RIGHTS

99.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

100.    The acts committed by the Defendants, its employees, agents and representatives as pled herein deprived Plaintiff Drake, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States in violation of 42 USC §§ 1981.

101.    The acts complained of were carried out by the aforementioned individuals who were employees or representatives of the Defendants to deprive the Plaintiff of his right to performance of the implied/verbal contract between the Plaintiff and Safeway, Cerberus Capital Management. Defendants Sedgwick and Safeway, Cerberus Capital Management, A&L, APC, and MKF also deprived the Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Defendants Safeway Inc., CCM, A&L, APC, and MKF has a contractual obligation with

28

the Plaintiff or any person who purchase their meat products and is injured as the result of Defendants Safeway Inc., CCM, A&L, APC, and MKF negligence. The manager of the Tom Thumb store, Gregory Becker, in Dallas made a verbal agreement or contract with the Plaintiff that Safeway and Cerberus Capital Management would pay for his damages relating to Plaintiffs injury to his tooth as a result of bone in the ground beef product that is sold in its Kosher meat department.

102.    It would appear that once Defendant Sedgwick began its investigation, that their role was to interfere with the verbal agreement between the Plaintiff and Defendants Safeway Inc., and CCM. And or to cause doubt that the bone could have been in the ground beef product to try and elude liability. Thus, Defendant Sedgwick and Safeway, Cerberus Capital Management is in violation of §1981 and the implied/verbal contract between the Plaintiff and the store director, Gregory Becker, at the Tom Thumb grocery store referred to herein in Dallas, Texas.

103.    Pursuant to §1981, Plaintiff has every right to make and enforce contracts. He also has the right to the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 USC §1981 also protects against impairment by nongovernmental discrimination.

104.    Thus, apparently Defendant Sedgwick conspired with Safeway and Cerberus Capital Management to nullify the contract between Safeway and Cerberus Capital Management and the Plaintiff, in order not to compensate the Plaintiff for the damages that he sustained as a result of the biting down on a small bone that was in the ground beef product that have been described herein.

29

## TWELFTH CAUSE OF ACTION

### COUNT 12.    BREACH OF VERBAL/IMPLIED CONTRACT
### PLAINTIFFS DIRECT ACTION CLAIM

105.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

106.    Pursuant to California state law and federal law, Plaintiff pleads a cause of action against Defendants Safeway Inc., CCM, A&L, APC, and MKF for breach of implied contract.

107.    In order to have a valid implied contract, there must be "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." See *In re Capco*, 669 F.3d at 279-80. In the case at bar, Defendants Safeway and Cerberus Capital Management made a verbal agreement to settle Plaintiffs injury case through the Tom Thumb director of the store, Mr. Gregory Becker. A verbal agreement is a 'contract.' Becker is a representative of Defendants Safeway and CCM, Mr. Becker agreed to pay for all damages relating to the incident where the Plaintiff was injured while consuming the ground beef produced from KMD, Safeway Inc., CCM, A&L, APC, and MKF.

108.    The essential elements of a breach of implied contract action are "the existence of a valid implied contract, performance or tendered performance by the plaintiff, breach of the implied contract by the defendants, and damages resulting from the breach." *Fisher v. Blue Cross & Blue Shield of Tex., Inc.*, 2015 U.S. Dist. LEXIS

127297, 2015 WL 5603711, at *10 (N.D. Tex. 2015) (citing *Sports Supply Grp., Inc. v. Col. Gas Co.*, 335 F.3d 453, 465 (5th Cir. 2003)).

109.    California law provides that "[w]here the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time, but unless otherwise agreed may be terminated at any time by either party." But "[t]ermination of a contract by one party . . . requires that reasonable notification be received by the other party." *Id.* § 2.309(c). Defendants Safeway Inc., CCM, A&L, APC, and MKF never attempted to terminate its contract with the Plaintiff regarding the damages he sustained as a result of consuming the ground beef.

110.    An implied contract "arises from the acts and conduct of the parties, it being implied from the facts and circumstances that there was a mutual intention to the contract." *Lection v. Dyll*, 65 S.W.3d 696, 704 (Tex. App. 2001, pet. denied) (quoting *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 569 (Tex. App. 1989, no writ)). The existence of an implied contract is "inferred from the circumstances." *Id.* Defendants Safeway Inc., CCM, A&L, APC, and MKF breach of the contract, violated 42 USC §1981.

111.    Defendants Safeway and Cerberus Capital Management and the Plaintiff had a contract to settle the Plaintiffs personal injuries that occurred after he consumed ground beef through Gregory Becker. Defendants Safeway and Cerberus Capital Management breached that contract with the assistance of Defendant Sedgwick. Arsenis Haralambos, managing adjuster for Sedgwick, advised the Plaintiff that no employee of Defendants Safeway and Cerberus Capital Management was able to confirm that there

31

was an agreement to compensate the Plaintiffs for damages relating to the ground beef that contained a small bone that caused injury to the Plaintiff, or that Defendants Safeway and Cerberus Capital Management would be responsible for the Plaintiffs damages. Defendants Safeway Inc., CCM, A&L, APC, and MKF and the Plaintiff had an implied contract to warranty their food products against defects and elements contained in the food product that caused harm to the Plaintiff. It would appear that the above defendants have conspired together to violate the Plaintiffs rights under §1981, §1983 and has breached its contract with the Plaintiff.

### THIREENTH CAUSE OF ACTION

**COUNT 13.   MALICE**

112.    Plaintiff further alleges that Defendants Safeway Inc., CCM, A&L, APC, and MKF by and through its acts and/or omissions, and through the acts and/or omissions of its employee, as set out and plead for the above allegations, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff who trusted Defendants food products.

113.    Plaintiff further alleges that the Defendants Safeway Inc., CCM, A&L, APC, and MKF acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiff who was naive in purchasing the ground beef product that contained small bones. Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of Defendants Safeway Inc., CCM, A&L, APC, and MKF at the time of its occurrence, involved an extreme degree of

32

risk considering the probability and magnitude of potential harm to the Plaintiff and others when failing to disclose the possible harmful debris (small bones) in their ground beef products. Plaintiff further alleges that the Defendants Safeway Inc., CCM, A&L, APC, and MKF had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of the Plaintiff. In this regard, Plaintiff seeks exemplary damages.

## FOURTEENTH CAUSE OF ACTION

### COUNT 14.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

115.    Defendants Safeway Inc., CCM, A&L, APC, and MKF and Sedgwick through its employees and agents caused intentional infliction of emotional distress upon the Plaintiff. Defendants Safeway Inc., CCM, A&L, APC, and MKF were fully aware that the grounded beef product could contain small bones. That Defendants Safeway Inc., CCM, A&L, APC, and MKF released the ground beef product with small bones, knowing that it could cause serious injuries or even death to an infant. Defendants Safeway Inc., CCM, A&L, APC, and MKF and Sedgwick conduct was intentional and reckless and it caused intentional infliction of emotional distress by:

33

a).    Defendants Safeway Inc., CCM, A&L, APC, and MKF extreme and outrageous conduct in exposing the Plaintiff to personal injuries by its purposeful neglect and negligence, and agreeing with Plaintiff to pay for his damages, only to claim later through Defendant Sedgwick that there were no verbal agreements to settle the Plaintiff injury claim by Defendants Safeway Inc., or CCM;

b).    One of Safeway/Cerberus Capital Management upper managers expressed to the Plaintiff that he should sue the company, but the Plaintiff wasn't interested in engaging in litigation but to have his claim reasonably settled. This ordeal has been upsetting enough to have to have a crown installed on one of the Plaintiffs teeth, and the time it has taken to do so, without having to file litigation. Defendant Sedgwick promised the Plaintiff that they would conclude his claim repeatedly, but their actions of not even verifying the affidavits of medical records and affidavit of medical cost demonstrated to the Plaintiff that Defendant Sedgwick wasn't trying to resolve his claim;

c).    Defendants extreme and outrageous goals were to create emotional distress in the Plaintiff life rather than justly paying for the damages that Defendants Safeway Inc., CCM, A&L, APC, and MKF and Sedgwick employees caused;

d).    Defendants Safeway Inc., CCM, A&L, APC, and MKF and Sedgwick extreme and outrageous conduct went beyond all possible bounds of decency. For the actions of Sedgwick and Defendants Safeway Inc., CCM, A&L, APC, and MKF was intended to, and did in fact; nullify the verbal settlement agreement, which caused the Plaintiff emotional distress;

34

116.    Defendants extreme, outrageous, negligent conduct through its employees was a proximate cause of the Plaintiff's emotional distress, injuries, and damages as set forth herein.

117.    To sustain an award of punitive damages, Plaintiff must prove, by a preponderance of the evidence, that the Defendants committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent. Since Defendants Safeway Inc., CCM, A&L, APC, and MKF through its employees knew that their was a possibility that the meat product was likely to have small bones in it, then they knew that an injury was probable to occur to the Plaintiff as a result of the bones in the meat product. Defendants Safeway Inc., CCM, A&L, APC, and MKF and Sedgwick conduct was intentional.

118.    Defendant Sedgwick continued the distortion of facts and conspired with Defendants Safeway Inc., CCM, A&L, APC, and MKF to try and void any admissions of liability or a verbal agreements to prevent any compensation to the Plaintiff for his damages relating to the incident described in this petition for damages. Sedgwick's goal was to deprive the Plaintiff of any compensation. Therefore, the Plaintiff is requesting punitive damages for the emotional distress that the Defendants caused with an intent to harm the Plaintiff by the Defendants.


## **DAMAGES**

119.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages. Plaintiff will submit evidence that will clearly demonstrate that Mr.

Becker (director of the Tom Thumb store in Dallas) and the Plaintiff had a verbal agreement (which a verbal agreement to settle is a contract) to settle the Plaintiff injuries due to the negligence of Defendants Safeway Inc., CCM, A&L, APC, and MKF.

120.    Plaintiff has suffered and is continuing to suffer mental anguish on account of Defendants behavior towards him as pled herein. Plaintiff is seeking an order from this Court decreeing that Defendants will pay the Plaintiff damages as set forth herein in this original petition of $500,000.00.

121.    In addition, Plaintiff by this action, seeks compensatory and punitive damages as pled herein, expert witness fees, cost, interest, and other causes of actions pled herein and for all other monies and damages to which he may be entitled and:

- Attorneys' fees for preparation and trial;
- Attorneys' fees if there is to be an appeal to the Court of Appeals;
- Attorneys' fees if there is to be an appeal to the U.S. Supreme Court;
- Incidental damages;
- Past mental anguish;
- Future and past emotional distress;
  1. Trebled damages for knowingly and willfully causing harm to the Plaintiff;
  2. Plaintiff respectfully requests that the Court grant additional damages as already pled herein and for declaratory judgment and other causes pled herein.

## ATTORNEYS' FEES, COSTS & INTEREST

122.    Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

123.    Plaintiff hereby sues for the recovery of reasonable attorneys' fees, costs of court and pre-and post-judgment interest at the highest rates to which he is entitled.

## REQUEST FOR JURY TRIAL

124.    Plaintiff hereby requests a jury trial on all matters set forth in his original petition as pled to this Honorable Court.

## PARYER FOR RELIEF

125.    Plaintiff prays for a judgment against Defendants Safeway Inc., CCM, A&L, APC, and MKF and Sedgwick and it agents, employees, lawyers, and representatives and each of them as follows:

1.    Special damages for Plaintiff in the amount of $500,000.00;

2.    General damages for Plaintiff in an amount to be determined at trial;

3.    Punitive Damages in an amount to be determined at trial;

4.    Cost of suit;

5.    Attorney fees for preparation and trial;

6.    Attorney fees if there is to be an appeal to the U.S. Supreme Court;

7.    Incidental damages;

8.      Past and future emotional distress;

9.      Trebled damages for willfully causing harm to the Plaintiff;

10.     Prejudgment interest;

11.     Injunctive and Declaratory Relief;

12.     For such other and further relief as the court deems just and proper.

## **PRAYER**

126.    WHEREFORE PREMISES CONSIDERED, Plaintiff hereby prays that he is awarded compensatory damages, reasonable attorneys' fees, costs of court and pre-judgment and post-judgment interest at the highest rates to which he is entitled to receive; and for such other proper relief to which Plaintiff is entitled. And grant such other and further relief as the Plaintiff as prayed for in its entirety and as it appears reasonable and just, to which Plaintiff shows himself entitled.

Respectfully submitted,

E.V. Drake
P.O. Box 20084
Atlanta, Georgia 30318
912-281-7100
legal.litigation.org@gmail.com