UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. DRAKE,<br>    Plaintiff,<br>  v.<br>SAFEWAY INC., et al.,<br>    Defendants. | Case No. 19-cv-00048-DMR<br><br>**SECOND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED** |

  Pro se Plaintiff E. Drake filed the complaint and an application to proceed in forma pauperis ("IFP") on January 3, 2019. [Docket Nos. 1, 2.] The complaint names Defendants Safeway Inc. ("Safeway"), Cerberus Capital Management, A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation. Plaintiff lives in Atlanta, Georgia, and the incident that forms the basis for the complaint took place in Dallas, Texas. *See* Compl. ¶¶ 11, 12. The court issued an Order to Show Cause why the case should not be transferred due to improper venue pursuant to 28 U.S.C. § 1406(a), noting that "it appears that the proper venue for this case is the Northern District of Texas because that is where 'a substantial part of the events or omissions giving rise to the claim occurred.'" [Docket No. 4 (quoting 28 U.S.C. § 1391(b)(2)).]

  On January 17, 2019, Plaintiff filed an amended complaint which names only Safeway and Sedgwick Claims Management Services, Inc. ("Sedgwick") as Defendants. [Docket No. 5.] He also filed a "partial motion for nonsuit" seeking dismissal of A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation without prejudice. [Docket No. 8.] In his response to the Order to Show Cause, Plaintiff states that Safeway is headquartered in this district and that Sedgwick is located in and does business in this district, but that the court lacks personal jurisdiction over A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation. [Docket No. 7.] According to Plaintiff, his dismissal of A & L Foods, Maspeth Kosher Food, LLC, and Alle Processing Corporation "has cured the Courts [sic] inquiry regarding transferring

the above cause of action to the Northern District of Texas." *Id.* On January 30, 2019, Plaintiff filed a second amended complaint against Safeway and Sedgwick. [Docket No. 9.]

Pursuant to 28 U.S.C. § 1391, a civil action may be filed in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). "[A]n entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). According to the allegations in the second amended complaint, Safeway and Sedgwick each do business in this district and are subject to personal jurisdiction in this court. Second Am. Compl. ¶¶ 4, 6. Therefore, it appears that venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as both Defendants "reside" in this district.

However, there is no indication that Plaintiff's claims have anything to do with Defendants' businesses in California or that the claims have any connection to this district. Instead, Plaintiff alleges that he purchased contaminated ground beef from a Safeway-owned grocery store in Dallas, was injured in Dallas, and reported the injury to the store in Dallas. *See* Compl. ¶¶ 12, 13; Second Am. Compl. ¶¶ 12, 13.

Therefore, by no later than February 22, 2019, Plaintiff shall file a statement explaining why this case should not be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), which provides that a court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses [and] in the interest of justice."

**IT IS SO ORDERED.**

Dated: February 7, 2019



_____
Donna M. Ryu
United States Magistrate Judge