1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E. DRAKE,

          Plaintiff,

  v.

SAFEWAY INC., *et al.*,

          Defendants.

/

No. C 19-00048 WHA

**ORDER GRANTING IFP
APPLICATION AND
ADOPTING REPORT AND
RECOMMENDATION**

## STATEMENT

*Pro se* plaintiff Eric Drake brought this products liability action against defendants
Safeway Inc.; Sedgwick Claims Management Services, Inc.; Cerberus Capital Management;
A&L Foods; Alle Processing Corporation; and Maspeth Kosher Food, LLC, alleging that he
fractured a tooth on a bone while consuming defendants' ground beef. Plaintiff, a resident of
Atlanta, purchased the ground beef from a store located in Dallas (Compl. ¶¶ 11–12; Dkt. No. 4
at 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* that remains pending
(Dkt. No. 2).

On January 8, 2019, Magistrate Judge Donna Ryu issued an Order to Show Cause why
the action should not be transferred for improper venue under 28 U.S.C. § 1406(a), noting that
the proper venue was the United States District Court for the Northern District of Texas,
inasmuch as that was where "a substantial part of the events or omissions giving rise to the

claim occurred" (Dkt. No. 4). Plaintiff responded to the Order to Show Cause and attempted to cure the basis for improper venue by filing (1) an amended complaint, which named only Safeway and Sedgwick as defendants, and (2) a "partial motion for nonsuit" seeking dismissal of the other defendants (Dkt. Nos. 5, 7, 8).

On February 7, 2019, Judge Ryu issued a second Order to Show Cause, noting that although venue was now proper under 28 U.S.C. § 1391(b)(1), inasmuch as Safeway and Sedgwick both "reside" in this district, there remained "no indication that Plaintiff's claims ha[d] anything to do with Defendants' businesses in California or that the claims ha[d] any connection to this district" (Dkt. No. 10 at 2). Plaintiff received another chance to explain why the case should not be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a) for the "convenience of parties and witnesses [and] in the interest of justice" (*ibid*.). Plaintiff responded by filing a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit challenging the second Order to Show Cause, moving to recuse Judge Ryu, moving to withdraw consent to proceed before a magistrate judge, and moving to stay the case pending our court of appeals' decision on the petition (Dkt. Nos. 11–14, 18).

On March 11, 2019, because not all parties had consented to the jurisdiction of a magistrate judge, Judge Ryu filed a report and recommendation to transfer the case to the Northern District of Texas and to deny the motions to recuse and stay (Dkt. No. 21). The action was subsequently reassigned to the undersigned judge. In April 2019, our court of appeals denied plaintiff's petition for writ of mandamus (Dkt. No. 25).

**ANALYSIS**

As a threshold matter, plaintiff's IFP application is still pending. A federal court may authorize a plaintiff to prosecute an action without prepayment of filing fees if the plaintiff submits an affidavit showing that he is financially unable to do so. 28 U.S.C. § 1915(a). Plaintiff has submitted a complete IFP application (Dkt. No. 2). It is evident from plaintiff's application that his assets and income are insufficient to enable him to pay the filing fees. Thus, plaintiff's application to proceed IFP is **GRANTED**. Issuance of summons and service will be determined separately, after the transfer of this action.

As to the report and recommendation, any party had the opportunity to file an objection to the report and recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a). The clerk certified service for the report and recommendation on March 11, 2019 (Dkt. No. 21-1). Thus any objections to Judge Ryu's order would have been due by March 25, 2019. All attempts to reach plaintiff at his listed address, however, have been returned as undeliverable (*see* Dkt. Nos. 15, 20, 24, 26–28). In May 2018, the Court further attempted to serve the report and recommendation through the email address and telephone number provided by plaintiff (*see* Dkt. No. 19). As of the date of this order, over four months have passed since the deadline to file objections and plaintiff remains silent in the face of numerous attempts to reach him at the contact information provided by him to the district court. (This order notes that plaintiff has previously timely responded to the two Orders to Show Cause and filed several motions, indicating that he actively monitored the docket at one point (*see* Dkt. Nos. 7, 14, 17, 19)). Plaintiff has a duty to provide correct contact information and service upon it is deemed to be service upon him. In light of the foregoing, this order finds that plaintiff has failed to timely object to the report and recommendation.

The undersigned has reviewed and hereby **ADOPTS IN FULL** Judge Ryu's report and recommendation. The motions to recuse Judge Ryu and to stay the instant action are **DENIED AS MOOT**. The clerk shall **TRANSFER** this action to the United States District Court for the Northern District of Texas and **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: August 20, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE